UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CARMELO GONZALEZ,                                    Case No.: 6209/08
                                                     (Stein, J.)
                Plaintiffs,

    -against-                                       **NOTICE OF**
                                                     **MOTION**

47 REALOPP CORP., THE RIESE ORGANIZATION, INC.,
and HARLEY 47, LLC.

                Defendants.
-------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed Affidavit of Mark Stempel, sworn to on August 15, 2008, and upon the exhibits attached hereto, the accompanying Memorandum of Law in support of this motion, and the pleadings and other proceedings heretofore had herein, defendants 47 Realopp Corp, Riese Organization, Inc. and Harley 47, LLC (collectively, the "Defendants") by and through their undersigned counsel, will move this Court before the Hon. Sidney H. Stein, U.S.D.J. in Courtroom 23-A of the United States District Courthouse for the Southern District of New York located at 500 Pearl Street (Foley Square), New York, New York, 10007 on *a date and time to be designated by the Court* for an Order: (i) Pursuant to Rule 12(f) of the FRCP Striking paragraph 26 of the Plaintiff's Complaint as same is immaterial, irrelevant and prejudicial; (ii) Pursuant to Rule 21 of the FRCP dismissing this action as against Defendant The Riese Organization, Inc. ("Riese") as it is not a property party to this litigation; and (iii) Granting such other further and different relief as the Court may deem proper.

Dated: New York, NY
      August 15, 2008

                                                James P. Rosenzweig, Esq. JR-4810
                                                Ilana Ram, Esq., of Counsel IR-6422
                                                *Attorneys for Defendants*
                                                560 Fifth Avenue, 3rd Floor
                                                New York, NY 10036
                                                (212) 560-1749


To:    The Law Office of Martin J. Coleman, P.C.
         *Attorney for Plaintiff*
         100 Crossways Park Drive West, Suite 412
         Woodbury, NY 11797
         Attn: Martin J. Coleman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CARMELO GONZALEZ,                                        Case No.: 6209/08
                  Plaintiff,                            (Stein, S.)

                                                    **AFFIDAVIT IN**
               against-                               **SUPPORT**

47 REALOPP CORP., THE RIESE ORGANIZATION, INC.
and HARLEY 47, LLC

                  Defendants.
-----------------------------------------------------------------------X

      MARK STEMPEL, deposes and says under penalty of perjury:

      1.     I am a Vice President for 47 Realopp Corp., The Riese Organization, Inc. and Harley 47, LLC (collectively, the "Defendants") and am fully familiar with the facts and circumstances of this case.

      2.     I make this Affidavit in support of Defendants' motion to: (i) Strike Paragraph 26 of the Complaint pursuant to Rule 12(f) of the Fed. Rules of Civil Procedure or any other reference in the Plaintiff's complaint to prior alleged violations of the ADA on part of the Defendant The Riese Organization, Inc. ("Riese"), or any of its affiliates in any location other than the location at 47 Broadway, New York, NY in question in this action; and (ii) Pursuant to Rule 21 of the FRCP dismissing this action as against Riese as it is not a proper party to this litigation, and (iii) for such other and further relief as the Court deems proper.

      3.     Unfortunately, Plaintiff has not responded to our request voluntarily to delete the prejudicial matters, leaving Defendants with no choice but to make this motion. As paragraph 26 of Plaintiff's complaint is immaterial, irrelevant and prejudicial to the

Defendants, it should be stricken from the Complaint. Further, as Riese is neither an owner or operator of the Premises in question (defined below) and there is no basis for liability against it, this action should be dismissed against it.

## BACKGROUND

4. Defendant Harley 47, LLC is the owner of the building located at 47 Broadway, New York, NY (the "Premises").

5. Defendant 47 Realopp Corp. ( "47 Realopp") is the net lessee of the Premises pursuant to a Lease dated as of August 31, 1967, which has been amended and extended by numerous agreements over the years.

6. Defendant Riese is neither the owner nor lessee of the Premises (nor does it maintain any assets or other connections at the Premises) and is neither an owner nor lessee of any other property or location in New York City.

7. Since 1991, a portion of the Premises have been used and operated by 47 Realopp as a TGI Friday's Restaurant. Prior to 1991, 47 Realopp operated a Houlihan's Restaurant in the Premises. Both the TGI Friday's Restaurant and the Houlihan's Restaurant before it were owned and operated by 47 Realopp.

8. On or about July 9, 2008, Plaintiff commenced this action against the Defendants claiming that, as owners or operators of the restaurant at the Premises, Defendants have violated the American with Disabilities Act (the "ADA") by failing to make accommodations for the Plaintiff, who is alleged to be physically handicapped. Copies of the Summons and Complaint in this action are annexed hereto as Exhibit "A".

## ARGUMENT

9. Defendants are now making this motion, the first prong of which is

pursuant to Rule 12(f) of the Fed. Rules of Civil Procedure, to strike any references to any prior acts or omissions of "Riese" at any location other than the Premises (including without limitation, reference to ADA violations at other locations) as same are immaterial, irrelevant and prejudicial to the Defendants. Defendants are also moving, pursuant to Rules 15 and 21 of the FRCP to dismiss this action as against Riese because it is not a proper party to this action.

10. Paragraph 26 of the Complaint states:

"Defendant Riese had previously been sued twice for violating the ADA in its TGI Friday's Restaurants. Despite its long history of knowledge of the ADA Defendant Riese and Defendant Friday's failed to make even the most modest efforts to comply with the ADA. Defendant's failure to provide access to the Plaintiff and other individuals who use wheelchairs was intentional and egregious and should be punished by imposition of compensatory and punitive or exemplary damages."

11. The question of whether Riese (who neither owns nor operates the Premises or any other restaurant location) has been **sued** for ADA violations at other locations (a **finding** of violations is not even alleged) is wholly irrelevant to whether or not 47 Realopp or Harley 47 LLC have in fact violated the ADA at these Premises. Any reference to past conduct or lawsuits involving the ADA with respect to Riese or any of the Defendants is not only irrelevant and immaterial but highly prejudicial to the Defendants as the Plaintiff is attempting to use unfounded allegations of prior conduct by a non-party to justify the imposition of compensatory, punitive or exemplary damages in this case. Even if damages were an available remedy--which they are not--the allegation would be immaterial to the conduct of the Defendant (47 Realopp) at this location (47 Broadway).

12. Defendants' counsel requested in writing to Mr. Coleman, the attorney

representing the Plaintiff on August 11, 2008 that Plaintiff agree to amend the Complaint to delete any reference to alleged ADA violations by Riese at other locations. As of the date of this motion, Plaintiff has not responded to that request, effectively refusing to comply, thus leaving the Defendants with no alternative but to make this motion. A copy of my August 11, 2008 correspondence to Mr. Coleman is attached hereto as Exhibit "B".

13. As shown in the accompanying Memorandum of Law, the highly prejudicial nature of Plaintiff's allegations require that paragraph 26 of the Complaint be stricken in its entirety.

14. Additionally, Defendants request that this Complaint be dismissed as against Riese as it is neither an owner nor operator of the Premises, has no connection, financial or otherwise at the Premises and is therefore not liable under the ADA and is not a proper party to this lawsuit.

WHEREFORE, Defendants respectfully requests that their motion be granted in its entirety with such other and further relief as the Court deems proper.

_____
MARK STEMPEL

Sworn to me this ___ day of August, 2008

_____
NOTARY PUBLIC

ILLANA RAM
Notary Public, State of New York
No. 02RA6100823
Qualified in New York County
Commission Expires Oct. 27, 2011

4

EXHIBIT "A"

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Carmelo Gonzalez

V.

47 Realopp Corp., The Riese Organization, Inc., and Harley 47 LLC

08 CV 6209

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

JUDGE STEIN

TO: (Name and address of Defendant)

The Riese Organization, Inc.
560 Fifth Ave.
New York, New York 10036

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

The Law Office of Martin J. Coleman, P.C.
100 Crossways Park Drive West, Suite 412
Woodbury, NY 11797

an answer to the complaint which is served on you with this summons, within __20, or as ordered__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

JUL 0 9 2008

J. MICHAEL McMAHON

CLERK                                              DATE

_Catherine Lapsley_

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| rvice of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                         Date                                  *Signature of Server*

                                                              _____
                                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

08 CV 6209

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X      COMPLAINT
CARMELO GONZALEZ,

                            Plaintiff,                    08 Civ-

    -against-

47 REALOPP CORP., THE RIESE ORGANIZATION, INC.
and HARLEY 47 LLC,

                            Defendants.
-----------------------------------------------------------------X


RECEIVED JUL 09 2008 U.S.D.C. S.D.N.Y. CASHIERS

### STATEMENT OF PLAINTIFF'S CLAIMS

1. Plaintiff files this action complaining of Defendants for violations of the Americans with Disabilities Act, 42 U.S.C. Section 12182 et seq. (hereinafter, "ADA") and the New York State Executive Law, Section 296, (hereinafter, "Human Rights Law"). Plaintiff, who uses a wheelchair, is unable to safely and independently enter into the TGI Fridays Restaurant located at 47 Broadway/23 Trinity Place, in lower Manhattan. The Trinity Place entrance has a single step from the sidewalk of approximately 6-7 inches in height with no temporary ramp available. Plaintiff seeks declaratory relief, injunctive relief, compensatory and punitive or exemplary damages and attorney's fees and costs against the Defendants.

### PARTIES

2. CARMELO GONZALEZ resides at 49 Fulton Street in New York County, New York and is an individual with a disability commonly known as cerebral

1

palsy. Plaintiff currently uses a motorized wheelchair for all mobility purposes. He has used a wheelchair to obtain mobility since he was a child.

3. Defendant 47 REALOPP CORP. (hereinafter, "FRIDAY'S") is the corporate owner of the TGI Friday's Restaurant doing business at 47 Broadway/23 Trinity Place, New York, New York.

4. Upon information and belief, Defendant FRIDAY'S is a subsidiary of Defendant THE RIESE ORGANIZATION, INC. (hereinafter, "RIESE"). RIESE owns franchises for numerous TGI Friday's Restaurants in New York City as well as franchises for Dunkin Donuts, Pizza Hut, Charley O's and other popular New York City eateries.

5. Defendant FRIDAY'S is an active domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant RIESE provides executive level management and accounting services for Defendant FRIDAY'S.

7. Defendant RIESE is an active domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant FRIDAY'S leases the premises in question from Defendant HARLEY 47, LLC (hereinafter, "HARLEY").

9. Defendant HARLEY owns the building located at 47 Broadway/23 Trinity Place.

10. Defendant HARLEY is an active limited liability company licensed to do business in the State of New York by the New York State Secretary of State.

## VENUE AND JURISDICTION

11. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 2201 and through the ADA.

12. This Court has venue through the Plaintiff's residence in New York County and the business activities of the Defendants in New York County.

## FOR A FIRST CAUSE OF ACTION UNDER THE ADA

13. Defendants own and/or operate a place of public accommodation within the definition of that term provided in 28 C.F.R. Section 36.104.

14. Defendants discriminate against the Plaintiff and other individuals who use wheelchairs in the following respects:

    a. Plaintiff and other individuals who use wheelchairs are denied lawful access to the premises because of a single step approximately 6-7 inches in height at the Trinity Place entrance. The other public entrance on Broadway has a whole flight of steps from the Broadway Street to the restaurant eating tables and bar.

    b. Defendants do not provide a permanent ramp, temporary ramp or any other safe and independent means of access into the premises for people who use wheelchairs.

    c. Defendant FRIDAY'S has two levels inside the restaurant separated by interior step(s) that are approximately one foot high. The bar, which is approximately one hundred feet long, and a substantial number of FRIDAY'S tables, are located on the upper level. There is no ramp between the two levels. The lack of a ramp between the two levels

3

significantly limits access to FRIDAY'S tables and completely excludes access to the bar. This significantly limits the dining and drinking options available to the Plaintiff and other individuals who use wheelchairs.

15. Approximately two years ago the Plaintiff attempted to enter into the TGI Fridays located at 47 Broadway/23 Trinity Place. He was unable to enter because of the exterior step and lack of a ramp.

16. In 2006 the Plaintiff concluded a lawsuit against Defendant RIESE related to a lack of accessibility at the TGI Friday's Restaurant located in Penn Station.

17. The Plaintiff hoped that his previous lawsuit against Defendant RIESE would spur it to provide access into its 47 Broadway/23 Trinity Place TGI Friday's Restaurant without the need for another lawsuit.

18. On May 30, 2008, the Plaintiff again went to the TGI Friday's Restaurant located at 47 Broadway/23 Trinity Place. He found that it still had no permanent or temporary ramp that would enable him to enter into the restaurant.

19. Upon information and belief, Defendants altered the interior of the TGI Friday's Restaurant in question since the effective date of the ADA on January 26, 1992. These alterations were performed in primary function areas of the restaurant.

20. Despite performing these alterations, the Defendants failed to make their entrance on Trinity Place accessible to individuals who use wheelchairs and failed to provide access to the bar and to all levels of seating in the restaurant.

These failures to make the restaurant accessible to the Plaintiff and other individuals who use wheelchairs violated Defendants obligations under the ADA and its enabling regulations set forth in 28 CFR §§ 36.402 and 36.403.

21. To the extent that any of the elements of the building that create the barriers to access by the Plaintiff are deemed existing facilities, as that term is defined in 28 CFR § 36.304, the modifications needed to remove these barriers were readily achievable for the Defendants to perform in each year since January 26, 1992.

22. The Defendants failures to remove all readily achievable barriers to access at the TGI Fridays Restaurant located at 47 Broadway/23 Trinity Place, or to make any efforts to provide accessibility to individuals with disabilities since January 26, 1992, constitute intentional and egregious discrimination against the Plaintiff and all other individuals who use wheelchairs in violation of 28 CFR §36.304.

### FOR A SECOND CAUSE OF ACTION
### UNDER THE HUMAN RIGHTS LAW

23. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. Defendants violated Section 296(2)(a) of the Human Rights Law.

25. Defendants were aware of the ADA and the Human Rights Law at least since its effective date.

26. Defendant RIESE had previously been sued twice for violating the ADA in its TGI Friday's Restaurants. Despite its long history of knowledge of the ADA Defendant RIESE and Defendant FRIDAY'S failed to make even the most

5

modest efforts to comply with the ADA. Defendants' failure to provide access to the Plaintiff and other individuals who use wheelchairs was intentional and egregious and should be punished by imposition of compensatory and punitive or exemplary damages.

## INJUNCTIVE RELIEF

27. Injunctive relief is necessary to order the Defendants to cease their violations of the ADA and the Human Rights Law and to provide the Plaintiff with the rights afforded to him under the ADA and the Human Rights Law.

28. These are reasonable grounds to believe that the Defendants will continue to engage in acts and practices prohibited by the ADA and the Human Rights Law, complained of herein, if injunctive relief is not granted.

## DECLARATORY RELIEF

29. Plaintiff is entitled to a declaratory judgment specifying each of the ADA and Human Rights Law violations committed by the Defendants and each of the Plaintiff's rights to relief as against the Defendants.

## DAMAGES

30. Plaintiff demands TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in compensatory and punitive damages against the Defendants.

## ATTORNEY'S FEES AND COSTS

31. In order to enforce his rights under the ADA and the Human Rights Law, Plaintiff had to retain the undersigned counsel. Plaintiff is entitled to recover reasonable attorney's fees, costs and expenses if the Plaintiff prevails in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief from the Court:

A. Issue a permanent injunction against the Defendants, requiring the Defendant and all persons or entities in active concert therewith, to make all necessary modifications to the premises that deny lawful access by the Plaintiff to the Defendants' facilities, goods and services, and enjoining the Defendants from violating the ADA and the Human Rights Law and from discriminating against the Plaintiff in the future.

B. Enter declaratory judgment in favor of the Plaintiff specifying his rights under the ADA and Human Rights Law as against the Defendants and Defendants' violations of the ADA and the Human Rights Law as to the facilities, goods and services offered by it to the public.

C. Award the Plaintiff TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in compensatory and punitive damages.

D. Find that the Plaintiff is the prevailing party in this lawsuit and award reasonable attorneys fees, costs and expenses against the Defendants, and award such other and further relief, at law or equity, to which the Plaintiff sought may be justly entitled.

Dated:     Woodbury, New York
           June 27, 2008

                                          Martin J. Coleman, Esq., (MJC 7945)
                                          Law Office of Martin J. Coleman, P.C.
                                          100 Crossways Park West, Suite 412
                                          Woodbury, New York 11797
                                          (516) 802-5960

EXHIBIT "B"

**JAMES P. ROSENZWEIG**
ATTORNEY AT LAW
560 FIFTH AVENUE, 3RD FLOOR
NEW YORK, NY 10036

TEL: (212) 560-1749
FAX: (212) 629-0942

August 11, 2008

**Via Fax (631) 233-2149**
**and Regular Mail**
Martin J. Coleman, Esq.
110 Marcus Boulevard, Suite 300
Hauppauge, New York 11788

      Re:    *Gonzalez v. The Riese Organization, Inc., et al*
               Index No. 08 Civ-6209 (S.D.N.Y.)

Dear Mr. Coleman:

      We have your complaint in the above action. We are writing to request that plaintiff amend his pleadings to delete any reference to alleged violations of the ADA by "Riese" at locations other than 47 Broadway, NYC, including without limitation by deleting Paragraph 26 of the Complaint.

      In our view, the allegations are immaterial and prejudicial, and therefore subject to a motion to strike under FRCP Rule 12(f). Please advise.

                                                 Sincerely,

                                                 James P. Rosenzweig

JR:yc
cc:    Illana Ram, Esq.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

YANICK CHERY, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age and resides within New York County, New York.

That on the 15th day of August 2008, the deponent served the within NOTICE OF MOTION AND AFFIDAVIT IN SUPPORT via regular mail upon:

> Martin J. Coleman, Esq.
> 100 Crossways Park Drive West
> Ste 412
> Woodbury, NY 11797

at the address designated by said party for that purpose by mailing same in a sealed envelope within an official depository of United States Post Office within the State of New York.

_____
YANICK CHERY

Sworn to before me this
15th day of August 2008

_____
NOTARY PUBLIC

ILANA RAM
Notary Public, State of New York
No. 02RA6100823
Qualified in New York County
Commission Expires Oct. 27, 2011