UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CARMELO GONZALEZ

                                Plaintiff,

    -against-

47 REALOPP CORP.,
THE RIESE ORGANIZATION, INC. and
HARLEY 47, LLC

                                Defendant.
------------------------------------------------------------x

Case No.:6209/08

(Stein, J.)

## MEMORANDUM OF LAW

Submitted By:
James P. Rosenzweig, Esq.
Illana Ram, of Counsel
*Attorneys for Defendants*
560 Fifth Avenue, 3rd Floor
New York, NY 10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CARMELO GONZALEZ

                      Plaintiff,

  -against-

47 REALOPP CORP.,
THE RIESE ORGANIZATION, INC. and
HARLEY 47, LLC

                     Defendant.
------------------------------------------------------------x

Case No.:6209/08

(Stein, J.)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION SEEKING TO STRIKE A PORTION OF THE COMPLAINT AND TO DISMISS THE COMPLAINT AS AGAINST THE RIESE ORGANIZATION, INC.

Defendants by their undersigned attorneys submit this Memorandum of Law in support of their motion, pursuant to Rule 12(f) of the Fed. Rules of Civil Procedure to strike paragraph 26 of Plaintiff's complaint in this action as same is irrelevant, immaterial and prejudicial to the Defendants. Defendants are also moving, pursuant to Rule 21 of the Fed. Rules of Civil Procedure to dismiss the complaint as against Riese as it is not a proper party to this action.

The facts relative to this motion are set forth in the accompanying Affidavit of Mark Stempel ("Stempel Aff't"). Capitalized terms here have the same meaning as set forth in the Stempel Aff't unless otherwise provided.

Plaintiff seeks the imposition of punitive (and/or compensatory) damages against the Defendants in this action resulting from past ADA litigation involving Riese who is neither an

owner nor operator of the Premises in question (and not a proper party to this action). Regardless of whether Riese was a party or not to prior litigation involving the ADA– and there is no allegation that Riese was ever found to have violated any provision of the ADA– that same is wholly irrelevant here and is being introduced by the Plaintiff solely to impute "knowledge or intent" on part of one of the Defendants and to prejudice the Defendants with the Court, and possibly with a jury, in order to obtain a judgment for punitive damages (which are unavailable here, see below). Your Affirmant wrote counsel for the Plaintiff on August 11, 2008 and requested that the offending paragraph be stricken from the Complaint but to date Counsel has not responded. Defendants have been left with no other alternative but to make this motion before the Court.

Additionally, the ADA only imposes liability (if proven) on an owner, lessee or operator of a public accommodation. *See*, 42 U.S.C.A §12182(a). Riese is not the owner of the Premises.. Riese is not the operator or lessee of the Premises. 47 Realopp is the sole operator and lessee of the Premises. In fact, Riese has no interest in the Premises whatsoever. As such, Riese is not a proper party to this lawsuit and the Complaint should be dismissed against it.

## ARGUMENT

### I. THE FEDERAL RULES REQUIRES THAT PARAGRAPH 26 BE STRICKEN FROM THE COMPLAINT

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that:

> "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.".

Both insufficient defenses and redundant, immaterial, impertinent or scandalous matters are properly stricken from a pleading in order to avoid the time, effort and expense necessary to litigate spurious issues. *See*, Fantasy, Inc. vs. Fogerty, 984 F.2d 1524, 1527 (9th Circuit 1993); Taylor vs. Quall, 471 F.Supp.2d 1053, 1058-59 (C.D.Cal. 2007); Wilkins vs. Ramirez, 455 F.Supp.2d 1080, 111-12 (S.D.Cal 2006). In order to successfully strike the challenged allegations, the movant must show that (1) the challenged allegation is clearly unrelated to the pleader's claims, and 2) the moving party is or will be prejudiced by permitting those allegations to remain in the pleading. *See*, Poole vs. Taylor, 466 F.Supp.2d 578,583 (D.Del. 2006), Hoffman vs. Sumner, 478 F.Supp.2d 1024, 1028 (N.D.Ill.2007). Prejudice exists when the contested allegation would confuse the issues, or would place an undue burden on the defendant. *See*, Canadian St. Regis Band of Mohawk Indians vs. New York, 278 F.Supp2d 313, 325 (N.D.N.Y.2003).

There is no question that paragraph 26 bears no relation to any of the facts that need to be established in this case and is completely irrelevent. Paragraph 26 refers only to alleged past litigation (not even legal findings) that may have existed at other locations with Defendant Riese. Riese itself is neither an owner or operator of the Premises in question, or of any other restaurant location. The allegation exists solely to prejudice the Defendants with the Court and any future finder of fact in order to recover punitive damages. However neither compensatory or punitive damages are available to the Plaintiff under Title III of the ADA. *See*, 42 U.S.C.A §12188; Proctor vs. Prince George's Hospital Center, 32 F.Supp.2d 820 (D.C. Md 1998). Similarly, punitive damages are unavailable under New York's Human Rights Law. *See*, Tyler vs. Bethlehem Steel Corp. 958 F.2d. 1176 (2d Cir. 1992).

Prejudice would be significant if Paragraph 26 were allowed to remain. The Court (and a jury) could consider facts and circumstances wholly unrelated to whether or not the Defendants have violated the ADA at the Premises in question (which would obviously confuse the issues) and place an undue burden on the Defendants by forcing them to present evidence concerning other Premises that bear absolutely no relation to any of the claims at issue in this action. Paragraph 26 if allowed to remain could expose the Defendants to potential liability for facts and circumstances wholly unrelated to this case.

## II.    AS RIESE IS NEITHER AN OWNER, OPERATOR OR LESSEE OF THE PREMISES IN QUESTION, IT IS NOT A PROPER PARTY TO THIS LITIGATION

Rule 21 of the Fed. Rules of Civil Procedure provides:

> "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

It is well settled that Rule 21 vests District Courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered. *See*, CGB Occupational Therapy, Inc. vs. RHA Health Service,s Inc., (357 F.3d 375, 382 (3d Cir. 2004).

In this instance, Riese is not a proper party to this litigation, Riese is neither an owner, lessee or operator of the Premises in question. *See*, 42 U.S.C.A §12182(a). As the owner and lessee/operator of the Premises in question are already parties to this litigation, the claims as against Riese should be dismissed, without prejudice to any of the parties herein.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the accompanying Stempel Aff't, Defendants respectfully request that an Order be entered striking paragraph 26 from the Complaint in its entirety, dismissing this action as against Riese and dropping Riese as a party to this action and with such other and further relief as may be just and proper.

Dated: New York, New York
       August 15, 2008

                                      Yours, etc.

                                      _____
                                      JAMES P. ROSENZWEIG, ESQ.   JR-4810
                                      ILIANA RAM, ESQ., OF COUNSEL IR-9989
                                      *Attorneys for Defendants*
                                      560 Fifth Avenue, 3rd Floor
                                      New York, NY 10036
                                      (212) 560-1749

TO:          The Law Office of Martin J. Coleman, P.C.
              *Attorney for Plaintiff*
              100 Crossways Park Drive West, Suite 412
              Woodbury, NY 11797

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ) ss.
COUNTY OF NEW YORK      )

YANICK CHERY, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age and resides within New York County, New York.

That on the 15th day of August 2008, the deponent served the within MEMORANDUM OF LAW via regular mail upon:

>Martin J. Coleman, Esq.
>100 Crossways Park Drive West
>Ste 412
>Woodbury, NY 11797

at the address designated by said party for that purpose by mailing same in a sealed envelope within an official depository of United States Post Office within the State of New York.

_____
YANICK CHERY

Sworn to before me this
15th day of August 2008

_____
NOTARY PUBLIC

ILLANA RAM
Notary Public, State of New York
No. 02RA6100623
Qualified in New York County
Commission Expires Oct. 27, 2011